HENDRY, Judge.
Appellant-plaintiff (“Lessee”) asserts, on his appeal from an adverse final judgment that the circuit court erred in determining that a “sewer connection charge” was a “service charge” properly added to his monthly water bill. We must determine whether the charge involved is, in reality, a charge for services or an assessment.
Appellees-counter-plaintiffs laid sewer pipe abutting Lessee’s rented business property. Shortly after the appellees laid the pipe, they sent Lessee a final notice for about Two Thousand Dollars as a “sewer connection charge”. However, Lessee, a consumer of water, has never been connected to the sewer and continues to use a septic tank. Lessee filed a complaint and petition for a temporary injunction, to which the semi-autonomous Department of Water and Sewers of the City of Hialeah counterclaimed for its charge. Lessee contended that the sewer charge was, in reality, an assessment against the land properly chargeable to the property owner, especially because the connection charge was computed on the basis of $16.00 per front foot and was not a continuing charge. The appellees asserted it was a regular charge for sewer services properly added to the monthly water bill.
There are several problems involving the nature of this charge denominated a “sewer connection charge”. Appellant speaks in terms of dilemmas, and his argument is more easily visualized when set out in outline form:
I. Either the “sewer connection charge” is a service charge under the Charter of the City of Hialeah, or it is a special assessment.
A. If the “sewer connection charge” is a service charge under the Charter, it is unauthorized as to Appellant-Lessee upon statutory and constitutional grounds because: (a) it is not continuing in' nature, (b) its computation is unreasonably based upon front footage of the entire tract and not just the leasehold, and (c) is properly chargeable to the fee owner and not the lessee under a tenancy from year to year.
B. If the “sewer connection charge” is a special assessment it is not payable by the Appellant-Lessee, upon statutory and constitutional grounds, but such assessment is properly payable by the fee owner and not a lessee under a tenancy from year to year; moreover, the Appellees cannot disguise a special assessment under the name of a “sewer connection charge.”
To prove the first assertion, that the connection, charge is a service charge, Lessee merely states that this is the position of the appellees, and he will accept such characterization for the purpose of argument. To prove the second assertion, that the connection charge, no matter what it is called, is a special assessment Lessee ar *205 gues that any other classification is unreasonable (especially because the charge is computed by multiplying $16.00 by the front footage of the entire tract and not just the leasehold) and that the inherent nature of the charge is to confer added value to the land (and in comparison to the benefit to the remainder interest, no such value is added to his tenancy from year to year).
Before exploring the merits, we note that three charges related to the operation of a sewer system must be enumerated to avoid confusion. First, there is the connection charge which is here disputed. Second, there is a monthly sewer charge for the use of the system, which here amounts to three times the Lessee’s monthly water. Third, there is the category of special assessments for benefits conferred to the land. See: Ch. 184, “Municipal Sewer Financing,” Fla.Stat., F.S.A., esp. § 184.05(7) (c) (2).
As to Lessee’s first point, that the “sewer connection charge” assumed to be a service charge is unauthorized under the Charter and Ordinances as to him because of statutory and constitutional provisions, we agree and choose to rest our decision upon this narrower statutory ground, and therefore do not need to consider the constitutional problems raised.
The power to make a “service” charge is vested in the semi-autonomous Department of Water and Sewers of the City of Hialeah. City Charter of the City of Hialeah, Article VI(K), § 174(j), [originally enacted in Ch. 30807, Art. VI (K), § 1, Laws of Florida, 1955, (Special Acts)]. § 31-2 of the Ordinances of the City of Hialeah [formerly § 25.2 of the 1952 Code of the City of Hialeah] provides that the owner is charged with the mandatory responsibility of connecting the sewer line.[1] But according to Ch. 1-2 of the Ordinances of the City of Hialeah,[2] a tenant for a term for years, such as Lessee here, is not an “owner,” under the express terms of the ordinance and under the rules of construction known as ejusdem generis and expres-sio unius exclusio alterius. See generally, as to sewer charges: State v. City of Miami, 157 Fla. 726, 27 So.2d 118, 125; 11 McQuillin, Municipal Corporations (3d ed.revd.) §§ 31.30-31.30a, pp. 242-255; and as to statutory construction: 22 Fla.Law and Pract. “Statutes” §§ 72-73, pp. 475-476.
For the reasons stated the judgment appealed is reversed.
Reversed.

. Sec. 31-2. Sewer connections.
“Where, in any street or section of street, there is now or hereafter shall be constructed a public sewer for the purpose of carrying off the sewage, the owner of any property abutting on, adjacent to or along the line of any such sewer or within two hundred feet of any such sewer shall, within thirty days after being notified by the city clerk, connect the house and building on such property with such public sewer in a proper manner.”

. Chapter 1-2. Rules of Construction.
“The word ‘owner’ applied to a building or land, shall include any part owner, joint owner, tenant in common, tenant in partnership, or tenant by the entirety of the whole or of part of such building or land.”